**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kenneth Rivera, #318979, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2020-000251

———————

Appeal From The Administrative Law Court
Ralph King Anderson, III, Administrative Law Judge

———————

Unpublished Opinion No. 2023-UP-176
Submitted February 1, 2023 – Filed May 11, 2023

———————

**AFFIRMED**

———————

Kenneth Rivera, pro se.

Annie Laurie Rumler, of the South Carolina Department
of Corrections, of Columbia, for Respondent.

———————

**PER CURIAM:** Kenneth Rivera, an inmate at Broad River Correctional Institution (Broad River), appeals the administrative law court's (ALC's) order dismissing his appeal from the South Carolina Department of Corrections' (SCDC's) denial of his inmate grievance. Rivera argues the ALC erred in dismissing his appeal because SCDC violated its policies, federal law, and his rights under the First Amendment

of the United States Constitution by failing to serve him vegan meals in accordance with his religious dietary restrictions during an institutional security lockdown. The ALC has subject matter jurisdiction over Rivera's grievance. *See Allen v. S.C. Dep't of Corr.*, Op. No. 28147 (S.C. Sup. Ct. filed April 5, 2023) (Howard Adv. Sh. No. 13 at 28, 32) ("We now clarify . . . that the ALC has subject matter jurisdiction over inmate grievance appeals that have been properly filed."). However, we agree with the ALC that Rivera failed to raise a state-created liberty or property interest, and we find he failed to make any argument that SCDC's administrative decision deprived him of due process. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) ("Protected liberty interests 'may arise from two sources[:] the Due Process Clause itself and the laws of the States.'" (quoting *Hewitt v. Helms*, 459 U.S. 460, 466 (1983))); *Ky. Dep't of Corr*, 490 U.S. at 463 ("We have also articulated a requirement, implicit in our earlier decisions, that the regulations contain 'explicitly mandatory language,' *i.e.*, specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow, in order to create a liberty interest."); SCDC Policies/Procedures PS-10.05 and ADM-16.05 (stating SCDC is committed to providing inmates with a religious diet based on available resources and "*to the extent* that such practice does not interfere with the security and safety of the institution, staff or others" (emphasis added)). As such, the ALC could summarily dismiss Rivera's grievance. *See Allen*, Op. No. 28147 at 32 ("A claim that implicates a state-created liberty or property interest is not required for the ALC to have subject matter jurisdiction over the appeal. However, the ALC is not required to hold a hearing in every matter and may summarily dismiss an inmate's grievance if it does not implicate a state-created liberty or property interest sufficient to trigger procedural due process guarantees. The ALC may not grant an inmate relief from an erroneous administrative decision by SCDC, however, unless the inmate demonstrates the error deprived him of due process."). Accordingly, we affirm the ALC's dismissal of Rivera's grievance.

**AFFIRMED.**[1]

**WILLIAMS, C.J., GEATHERS, J., and HILL, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.